IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PAUL WILLIAM DRIGGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-116-N-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| THE IDAHO DEPARTMENT OF HEALTH & WELFARE, DAVID BECK, CHRISTINA McNUTT, ROBIN JACOBSON, LARRY PURVIANCE, THE KOOTENAI COUNTY PUBLIC DEFENDERS' OFFICE, ROBERT BURTON, KAREN R. VASSALLO, UNKNOWN BUT CERTAIN POST FALLS POLICE OFFICERS, THE POST FALLS POLICE DEPART-MENT, AMANDA GRAFE, DENISE METZGER, LINDA GREEN, CASA, DANIEL ENGLISH, UNNAMED DEPUTY CLERKS OF THE KOOTENAI COUNTY COURT, and EUGENE MARANO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

The Clerk of Court conditionally filed Plaintiff's Complaint. The Court now reviews the Complaint to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. Having reviewed the record, the Court enters the following Order.

**REVIEW OF COMPLAINT**

**INITIAL REVIEW ORDER  1**

A.     **General Standard of Law**

The Court is required to review inmate and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

The Substantive Due Process Clause of the Fourteenth Amendment protects the fundamental liberty interest of parents in the care, custody, and management of their children.  *Santosky v. Kramer*, 455 U.S. 745, 753 (1982).  Indeed, "the constitutional right of parents and children to live together without governmental interference is clearly established."  *Mabe v. San Bernardino County, Dept. of Public Soc. Services*, 237 F.3d 1101, 1107 (9th Cir. 2001); *see also Ram v. Rubin*, 118 F.3d 1306, 1311 (9th Cir. 1997).  However, federal district courts have no jurisdiction over divorce or child custody issues, which are exclusively matters of state law.  *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

B.     **Background**

Plaintiff has three children in common with Defendant Karen Vassallo.  The Idaho Department of Health and Welfare became involved with the family, and the children were declared wards of the State.  Later, during state court proceedings, it appears that the

**INITIAL REVIEW ORDER  2**

children were placed in, or scheduled to be returned to, the custody of Vassallo.

On August 9, 2006, a grand jury indicted Plaintiff for a violation of 18 U.S.C. § 1958, as follows:

> Between on or about April 25, 2006, and between on or about July 25, 2006, in the District of Idaho and the North District of California, the Defendant, Paul William Driggers, caused another to travel in interstate commerce from California to Idaho, with the intent that murder be committed in violation of the laws of the United States and the State of Idaho, as consideration for a promise and agreement to pay something of pecuniary value, to wit: $10,000 U.S. Currency for the murder of his ex-wife, K.R.V., all in violation of Title 18, United States Code, Section 1958.

*Indictment* (U.S. v. Driggers, CV06-173-N-EJL, Docket No. 1).

Plaintiff was convicted by jury of this charge on February 23, 2007, in the Federal District Court for the District of Idaho, Judge Edward J. Lodge, presiding (see *Jury Verdict*, U.S. v. Driggers, CV06-173-EJL, Docket No. 113).  Plaintiff alleges that he has been in federal custody since August 16, 2006.  Upon conviction, he was sentenced to ten years and is now serving his sentence in a federal detention center in Florence, Colorado.

Here, Plaintiff alleges that Defendants conspired to violate his civil rights regarding the handling of the custody and visitation matters involving his children during the time period preceding his indictment and arrest.  Particularly, he alleges that the members of the conspiracy engaged in acts to cause the following:

> Paul's [Plaintiff's] property was wrongly taken from him; the courts and lawyers took all his savings and equity to defend against baseless accusations; he was defrauded; he has been denied every human right enjoyed by most people such as the right to enjoy the offspring of his own body; or the right to be the master of his destiny or to have any decision

**INITIAL REVIEW ORDER  3**

thereto or to maintain the sense of dignity attendant to such rights. The "gang" described herein has disrespected every right belonging to Paul [Plaintiff] and done every evil wrong to him except to murder him.

*Complaint*, p. 7.

## C.    Discussion of Section 1985 & 1986 Claims

Title 42 U.S.C. § 1985 governs conspiracies to interfere with civil rights. In order to state a claim under Section 1985(3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated. Therefore, he cannot proceed on this claim.

Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *West v. County of Will*, 1985 WL 1774 (D. Ill. 1985). Because Plaintiff has failed to state sufficient allegations to show that he can maintain a claim under § 1985, he may not proceed on a § 1986 claim.

## D.    Discussion of Section 1983 Claims

1.    <u>Statute of Limitations - Claims Arising Before February 25, 2006</u>

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a

**INITIAL REVIEW ORDER  4**

person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The length of the statute of limitations for a federal civil rights action is governed by state law.  *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here).  Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions.  Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Here, Plaintiff constructively filed his lawsuit on February 25, 2008 (if the mailbox rule is used).  Therefore, all claims prior to February 25, 2006 appear barred by the statute of limitations.

   2.   Claims Arising after February 25, 2006

Plaintiff alleges that on March 6, 2006, Vassallo contacted the FBI, making various false accusations against Plaintiff.  Ms. Vassallo also gave the FBI Plaintiff's computer and papers, which were later used in his criminal action.  Plaintiff alleges that, in order to deprive Plaintiff of visitation and custody, Defendants contrived a reason that the children did not want to have contact with him because they were frightened of him.  Plaintiff alleges that Defendant Case Work Grafe established a case plan in bad faith, with no intention of returning the children to Plaintiff's household or allowing visitation with him.  Plaintiff alleges "[t]hat Karen Vassallo, with the help of Amanda Grafe at times, and otherwise on her own, conducted a kind of 'all out war' upon Plaintiff Driggers by misusing the courts and ignorant law enforcement officers." *Complaint*, p.

**INITIAL REVIEW ORDER  5**

15. Plaintiff alleges that Detectives wrongfully accused him of stalking Vassallo, and that she wrongfully included the children in a protective order that prevented him from having contact with his children. Plaintiff's Complaint contains further allegations that Defendants unlawfully interfered with his parental rights.

    (a)    *Heck v. Humphrey*

The claims asserted in this civil rights case, the defenses in his federal criminal case, and the assertions in the state custody case are all intimately related. Because a jury convicted Plaintiff of attempting to hire someone to kill Vassallo, Plaintiff cannot now challenge (by alleging a conspiracy claim in a civil rights action) the truth or falsity of the testimony that was the basis of his criminal conviction. Rather, his avenue for a challenge of his federal conviction and sentence is appeal or habeas corpus.

The Court concludes that a favorable verdict in this case would necessarily imply the invalidity of Plaintiff's conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck v. Humphrey*, the Supreme Court held that, in such an instance, a plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. *Heck v. Humphrey* applies with equal force to federal convictions, and thus is controlling in Plaintiff's case. *See Fottler v. United States*, 73 F.3d 1064 (10th Cir. 1996); *Stephenson v.*

**INITIAL REVIEW ORDER  6**

*Reno*, 28 F.3d 26 (5th Cir. 1994).

Plaintiff's parental interference claims are barred by *Heck*, because the basis for his claims and the basis for his federal criminal defense are the same -- that Vassallo and others conspired against Plaintiff to fraudulently obtain his conviction and deprive him of his parental rights. In any event, Plaintiff's avenue for seeking access to his children is in his state custody case. As set forth above, federal district courts have no jurisdiction over child custody or visitation issues, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, *supra*.

   (b) *Challenging a State Court Adjudication*

Further, a federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). Therefore, Plaintiff cannot challenge the custody and visitation decisions made by the state courts in this Court.

   (c) *Judicial Immunity*

The Court also notes that Kootenai County Magistrate Judges Eugene Marano and Robert Burton are entitled to absolute judicial immunity for decisions taken in the course of Plaintiff's state law cases, even if their decisions were the product of a conspiracy. *See Stump v. Sparkman*, 435 U.S. 349 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th

**INITIAL REVIEW ORDER 7**

Cir. 1986); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d at 1078) (judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'").

    (d) *Eleventh Amendment Immunity*

  The Court also notes that Plaintiff cannot sue the Idaho Department of Health and Welfare (IDHW) in federal court absent consent from the State of Idaho, as a result of Eleventh Amendment immunity. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

**E.** **Conclusion**

  For all of the foregoing reasons, Plaintiff's Complaint is subject to summary dismissal. Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis and his Request for Preliminary Injunction are moot.

### ORDER

  NOW THEREFORE IT IS HEREBY ORDERED as follows:

  A. Plaintiff's Motion to Proceed in Forma Pauperis (Docket No.1) is MOOT.

  B. Plaintiff's Complaint is DISMISSED.

  C. Plaintiff's Request for Preliminary Injunction (Docket No. 5) is DENIED.

  D. Plaintiff's Motion for Appointment of Counsel (Docket No. 6) is DENIED.



DATED: **May 16, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER 9**